IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRANDON E., CHACY E. and PEGGIE E., | ) ) ) | Civ. No. 07-00536 ACK-LEK |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

Brandon E., Chacy E. and Peggie E. (collectively, "Plaintiffs") seek attorney's fees and costs pursuant to 20 U.S.C. § 1415 for prevailing at an administrative hearing against the State of Hawaii's Department of Education ("Defendant"). Plaintiffs' action is solely for attorney's fees and costs for prevailing at the administrative level and neither party seeks review of the hearing officer's decision.  On December 14, 2007, Defendant filed a Motion for Judgment on the Pleadings ("Motion"), contending that Plaintiff's complaint is barred by the statute of limitations because it was filed 155 days after the hearing officer's decision on May 22, 2007.  See Motion at 9. Plaintiffs submitted an Opposition to Defendant's Motion for a Judgment on the Pleadings on January 31, 2008.  Defendant did not file a reply.

**STANDARD**

## I.   Standard for Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure ("FRCP") 12(c) ("Rule 12(c)") states, "After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings."  When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003).  As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" McGlinchy, 845 F.2d at 810 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996)).  "Not only must the court accept all material allegations in the complaint as true, but the

2

complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." McGlinchy, 845 F.2d at 810.

## DISCUSSION

In their complaint, Plaintiffs seek an award of attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B).[1/] Defendant moved to dismiss the Plaintiffs' complaint, contending that it is barred by the statute of limitations because the action was not filed until 155 days after the hearing officer's decision on May 22, 2007. See Motion at 9. As mentioned above, the only issue in dispute is whether this fee action is timely. This is an issue of first impression because it has not been specifically decided by the United States Court of Appeals for the Ninth Circuit.

Here, Defendant first moves to dismiss Plaintiffs' complaint by arguing that it is barred by the 90-day statute of limitations contained in 20 U.S.C. § 1415(i)(2)(B). See Motion at 3. The Individuals with Disabilities Education Act ("IDEA") specifies that a party aggrieved by administrative findings and decisions made under the IDEA has a right to appeal the

---

[1/]§ 1415(i)(3)(B) provides: "In an action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party."

administrative findings by bringing an action in federal court.[2/]
See 20 U.S.C. § 1415(i)(2)(A).  Such actions must be brought
within 90 days from the date of the hearing officer's decision or
in such time as explicitly provided by state law for bringing
such actions. See 20 U.S.C. § 1415(i)(2)(B).  The IDEA does not
authorize the recovery of attorney's fees by the prevailing party
in administrative proceedings.  Rather, Congress provided
independent court action for such relief with no specific statute
of limitations for such actions. See 20 U.S.C. § 1415(i)(3)(B).
The Senate Report accompanying the amended IDEA supports this
interpretation of the IDEA by explaining that § 615(i)(2)(B),
codified as 20 U.S.C. § 1415(i)(2)(B), "gives a party 90 days
from the date of the decision of the hearing officer <u>for
appealing a due process hearing decision to State or federal
district courts</u> [in the absence of an explicit state time
limitation]." See S. Rep. No. 108-185, at 37 (2003) (emphasis
added).  This Senate Report implies that Congress intended the
IDEA's limiting statute to apply exclusively to due process
appeals to federal court and not to separate fee actions.

As such, when Congress fails to provide a statute of
limitations in federal statutes, the U.S. Supreme Court has

---

[2/] However, if the administrative hearing was conducted by a
local educational agency, any party aggrieved by the findings and
decision rendered in such a hearing must first appeal such
findings and decision to the State educational agency.  See 20
U.S.C. § 1415 (g)(1).

indicated that the settled practice is to adopt the most
analogous state time limitation, so long as it is consistent with
federal policy to do so. See Wilson v. Garcia, 471 U.S. 261, 266-
67 (1985); see also Int'l Union v. Hooiser Cardinal Corp., 383
U.S. 696 (1966) (holding that where no federal statute of
limitations for a federal cause of action exists, courts should
look at the most appropriate statute of limitations provided in
the forum state).

        The Supreme Court has adopted a three-part inquiry to
guide the selection of the state statute of limitations governing
a federal claim.  A court must: (1) consider whether state law or
federal law governs the characterization of the claim for statute
of limitations purposes; (2) if federal law applies, decide
whether all claims arising under the federal law should be
characterized in the same way or evaluated differently depending
upon the factual circumstances and legal theories presented in
each case; and (3) decide the essence of the claim and determine
which state statute provides the most appropriate statute of
limitations. See Wilson, 471 U.S. at 268-69.

        Here, state law governs the characterization of the
statute of limitations under the IDEA as it relates to fee
actions.  See Id.; see generally, 20 U.S.C. § 1415(i)(3); See
also S. Rep. No. 108-185, at 37 (2003).  Therefore, the Court
must "'determine the most closely analogous state statute of

limitations' and apply that statute 'unless it would undermine the policies underlying the IDEA.'"   See Ostby v. Oxnard Union High, 209 F.Supp.2d 1035, 1042 (C.D. Cal 20002)(quoting Livingston Sch.Dist. Nos. 4 & 1 v. Keenan, 82 F.3d 912, 915) (9th Cir. 1996).

There is a circuit split regarding the appropriate state statute of limitations to apply to actions for attorney's fees under the IDEA. See Holmes v. Dep't of Educ., 234 F.Supp.2d 1156, 1158 (D. Haw. 2002).

The Eleventh Circuit has held that the IDEA provides two separate and distinguishable procedures. See Zipperer v. Sch. Bd. of Seminole County, 111 F.3d 847, 851 (11th Cir. 1997). Specifically, 20 U.S.C. § 1415(i)(2) provides for review of substantive decisions while 20 U.S.C. § 1415(i)(3) provides for an independent claim for attorney's fees. Id.  The Eleventh Circuit explained that "the short statute of limitations associated with appeals of administrative procedures, while appropriate when a child's Individualized Education Plan is at issue in a substantive appeal of an administrative determination, are too short to vindicate the underlying federal policies associated with the fee-claims provisions of the IDEA." See Id.; see also, Kaseman v. District of Columbia, 329 F.Supp.2d 20, 25 (D.D.C. 2004) (following the Eleventh Circuit's interpretation of fee actions under the IDEA).

The Sixth and Seventh Circuits have held that actions for attorney's fees under the IDEA are ancillary to the judicial review of the administrative hearing and should be governed by statutes dealing with judicial review of state agencies. See Powers v. Indiana Dep't of Educ., 61 F.3d 552, 555 (7th Cir. 1995); King v. Floyd County Bd. of Educ., 228 F.3d 622, 625-26 (6th Cir. 1999). Those jurisdictions held that the substantive review of administrative hearings and fee actions were sufficiently analogous under the IDEA to require similar limiting statutes. Id.

Here, Defendant argues that either Hawaii Administrative Rules ("HAR") § 8-56-78[3/] or Hawaii Revised Statutes ("HRS") § 302A-443[4/] would appropriately serve to limit the time allotted to file for attorney's fees and costs under the IDEA. See Motion at 6. However, as Defendant admits, HAR § 8-56-78 would only apply if the Court accepts that an action for attorney's fees is ancillary to the underlying substantive

_____

[3/]HAR § 8-56-78 states in relevant part that, "Any party aggrieved by the findings and decision made under sections 8-56-72 and 8-56-93 has the right to bring a civil action within the 30 days of the receipt of the findings and decision with respect to the complaint presented pursuant to sections 8-56-72 or 8-56-93..."

[4/]HRS §302A-443 is the limiting statute for administrative hearing procedures relating to the education of children with a disability. It provides a two-year statute of limitation period from the date the parent, guardian or department knew or should have known about the alleged action or 90 days from the date of a unilateral special education placement.

dispute, which it has determined is not the case.  Id.

The Ninth Circuit has recently held that the IDEA authorizes actions solely to recover attorney's fees and costs "even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA." P.N. v. Seattle Sch. Dis't, No. 1, 474 F.3d 1165, 1169 (9th Cir. 2007)(internal quotations omitted).  Further, the Ninth Circuit explained that the district court can have jurisdiction "over a case in which fees are sought although liability is established outside the court proceeding itself." Id. (citing Barlow-Gresham Union High Sch. Dis't No 2 v. Mitchell, 940 F.2d 1280, 1285 (9th Cir. 1991)); see also Lucht v. Molalla River Sch. Dis't, 225 F.3d 1023, 1026 (9th Cir. 2000) (recognizing that the federal district courts have jurisdiction over parents' action for attorney's fees under the IDEA, even if liability is established outside the district court proceeding).

It is clear that the trend in the Ninth Circuit favors viewing actions for attorney's fees as separate and apart from the underlying administrative proceeding under the IDEA.  As a result, HAR § 8-56-78 does not apply as the appropriate limiting statute to the IDEA.  Similarly, HRS § 302A-443 does not apply because it relates to administrative hearing procedures and not the separate and distinguishable actions for attorney's fees.

Alternatively, Defendant argues that FRCP Rule 54 and

Hawaii Local Rule ("LR") 54.3 should apply because those rules provide that a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. Rule 54(d)(2)(B). Rule 54(d) "presupposes that a final judgment is entered by a court and that a post-judgment request for fees and cost is ancillary to that judgment and not a separate cause of action." J.Y. v. Seattle Sch. Dis't No. 1, No. C07-1126-JCC, 2007 WL 4111202, *2 (Nov. 16, 2006)(quoting J.B. v. Essex-Caledonia Supervisory Union, 943 F.Supp. 387, 390 (D. Vt. 1996)). Further, under Rule 54(d) the request for fees is presumed to be initiated by motion, while the IDEA requires that a fee action is initiated in the district court. Id.; see also 20 U.S.C. § 1415(i)(3)(B). This distinction serves to distinguish fee actions under the IDEA from post-judgment requests for fees under FRCP 54(d) and LR 54.3. Accordingly, Rule 54(d) and LR 54.3 are inapplicable to actions brought under the IDEA.[5/]

        The final issue is whether the most closely analogous state statute of limitations to fee actions under the IDEA is the two-year statute of limitations contained in HRS §657-7 (governing damage to persons or property) or the six-year

---

        [5/]In A.F. v. Hamamoto, 2007 WL 2684133 (D. Haw. Sept. 7, 2007), Judge Seabright held that: "Where there is an appeal of the administrative decision in federal court, Rule 54(d) provides a procedure for a prevailing party to obtain attorney's fees and costs." However, this case is distinguishable from A.F. v. Hamamoto, because in that case Defendant challenged the administrative decision by filing an appeal.

catchall statute of limitations contained in HRS § 657-1(4).

        Some district courts, including some in the Ninth Circuit, have likened fee actions to tort actions, which in Hawaii are governed by HRS § 657-7. See e.g., Holmes, 234 F.Supp.2d. at 1158 (finding a two-year statute of limitations under Hawaii law applicable to a complaint for attorney's fees pursuant to the IDEA); see also V.L. v. Hamamoto, No. 06-00050 HG-BMK, 2006 WL 1119042 (D. Haw. 2006)(unpublished)(following the Holmes Court); Ostby 209 F.Supp.2d at 1043; Cf. Kaseman, 329 F.Supp.2d at 25 (applying a D.C. statute of limitations for actions arising out of death or injury cause by defective or unsafe improvements).

        As noted by the Eleventh Circuit in Zipperer, 111 F.3d at 851, other courts have applied a more general catchall statute of limitations to fee actions under the IDEA. See, e.g., Essex-Caledonia Supervisory Union, 943 F.Supp. at 389-91 (declining to apply Vermont's personal injury statute of limitations because a fee claim action is more like an economic loss resulting from deprivation of legal rights); Curtis K. By Delores K. v. Sioux City Cmty. Sch. Dis't, 895 F.Supp. 1197, 1221 (N.D. Iowa 1995) (holding that Iowa's five year catchall statute of limitations was applicable to fee actions under the IDEA because no other law was sufficiently analogous); James v. Nashua Sch. Dis't, 720 F. Supp. 1053, 1058 (D.N.H. 1989) (applying the three-year catchall

10

for "personal actions").

In determining the appropriate statute of limitations to apply to actions for the recovery of attorney's fees under the IDEA, courts must look at the essence of the claim.  <u>See</u> <u>Wilson</u> 471 U.S. 268.  While it is not necessary in this case to determine whether the appropriate analogous statute of limitations is Hawaii's two year statute (§ 657-7) or six year statute (§ 657-1(4)), as Plaintiff's complaint is timely in either case; nevertheless it seems to the Court that the essence of a fee action does not sound in tort and as such the six year catchall statute of limitations as codified in HRS § 657-1(4) is more applicable to the case at bar.

<u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Defendant's Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 29, 2008.



_____
Alan C. Kay
Sr. United States District Judge

<u>Brandon E. v. Dep't of Ed, Civ. No. 07-00536 ACK-LEK, Order Denying</u>
<u>Defendant's Motion for Judgment on the Pleadings</u>.

11