IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRANDON E., CHACY E. and PEGGY E., | ) ) | CIVIL NO 07-00536 ACK-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION
DETERMINING PLAINTIFFS AS PREVAILING PARTY
AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, is the Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs ("Motion"), filed on March 19, 2008 by Plaintiffs Brandon E., Chancy E., and Peggie E. (collectively "Plaintiffs"). Plaintiffs request an award of $36,386.37 in attorneys' fees and $73.88 in costs, including general excise tax, for a total award of $36,460.25.[1] Defendant State of Hawaii Department of Education ("Defendant") filed its memorandum in opposition on April 16, 2008, and Plaintiffs filed their reply on April 30, 2008. The Court finds this matter suitable for

---

[1] The Motion requests $32,934.60 in attorneys' fees and costs, including general excise tax, [Motion at 2,] and the Reply requests an additional $3,525.65 in attorneys' fees incurred after the filing of the Motion. [Reply at 9.]

disposition without a hearing pursuant to Rule LR7.2(d) of the
Local Rules of Practice of the United States District Court for
the District of Hawaii ("Local Rules").   After reviewing the
parties' submissions and the relevant case law, the Court FINDS
and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND
DENIED IN PART.   The Court recommends that the district judge
award Plaintiffs $34,526.69 in attorney's fees.

<u>**BACKGROUND**</u>

Brandon E. ("Student") is an eighteen-year-old boy who
is eligible for special education and related services due to his
attention deficit hyperactivity disorder.   Student was in the
eleventh grade during the 2006-2007 school year.   Defendant has
paid for Student's private school placement since he was in the
third grade and Student attended Assets School ("Assets") since
the seventh grade.   [Motion, Decl. of Stanley E. Levin ("Levin
Decl."), Exh. A - Legend; Findings of Fact, Conclusions of Law
and Decision, filed May 22, 2007 ("Decision") at § II, ¶¶ 1-2.]
Through an August 2, 2006 individualized education program
("IEP"), Defendant offered Student placement at Academy of the
Pacific ("AOP").   Peggie E. ("Mother")[2] disagreed with the
proposed change in Student's placement because it would be
harmful to Student, who had friends at Assets and had been

_____

[2] Peggie E. and Chancy E. will be referred to collectively
as "Parents".

2

successful there.  [Id. at § II, ¶¶ 22, 25.]

Plaintiffs eventually submitted a request for impartial hearing pursuant to the Individuals with Disabilities Education Act ("IDEA").  Plaintiffs alleged, inter alia, that Defendant failed to reevaluate Student in over three years and that Defendant should have reevaluated him before recommending a significant change in his placement.  Plaintiffs also alleged that Defendant's proposed placement at AOP was not appropriate for Student.  They sought reimbursement for Student's placement at Assets for the 2006-2007 school year; reimbursement for tuition payments that Parents made for the 2005-2006 school year; and auditory remediation therapy for Student.  [Id. at § III.]

The hearings officer ultimately ruled as follows:

-   The DOE did not provide Student a [free appropriate public education] as the August 2, 2006 IEP could not be implemented at [AOP], and failed to adequately address Student's needs;

-   Student's placement at [Assets] is appropriate for Student;

-   Petitioners are granted reimbursement for the costs of placement at [Assets] for the 2006-2007 school year, including transportation and other related services;

-   Petitioners' request to enforce the prior settlement agreement which called for reimbursement for the 2005-2006 school year is outside the jurisdiction of the Hearings Officer;

-   Petitioner's request for auditory remediation therapy with psychologist P.M. at a frequency

3

she believes is appropriate is denied; and

-    Petitioners shall be deemed the prevailing
     party in this matter.

[Id. at § V.]  Plaintiffs and Defendant were unable to agree on

the amount of attorneys' fees and costs that Defendants must pay

for the administrative proceeding.

On October 24, 2007, Plaintiffs filed the instant

action to obtain a judgment for the amount of reasonable

attorneys' fees and costs incurred in the administrative

proceeding and in the instant action.  Plaintiffs assert that

they are clearly the prevailing party pursuant to the Decision

and that the IDEA allows parents who prevail at the

administrative level to file a federal action to obtain

attorneys' fees incurred at the administrative level.  In the

instant Motion, Plaintiffs seek $27,837.69 in attorneys' fees,

including general excise tax, for work performed by Stan Levin,

Esq., Susan Dorsey, Esq., and Bruce Ellis, Mr. Levin's paralegal,

in connection with the administrative proceeding.  Their hourly

rates are $285, $185, and $85, respectively.  Plaintiffs also

seek $73.88 in costs, including general excise tax, incurred in

connection with the administrative proceeding.  Finally,

Plaintiffs seek $5,023.03 in attorneys' fees, including general

excise tax, for work performed by Mr. Levin and Mr. Ellis in

connection with the district court proceedings.

In its memorandum in opposition, Defendant does not

4

dispute that Plaintiffs are entitled to reasonable attorneys'
fees and costs incurred at the administrative level and in the
instant case. [Mem. in Opp. at 2.] Defendant also does not
object to Mr. Levin's rate of $285 per hour and Mr. Ellis' rate
of $85 per hour. [Id. at 3.] Defendant, however, objects to
number of hours reflected in Plaintiffs' request. Defendant
argues that Mr. Levin and Mr. Ellis are improperly charging twice
when they perform the same service, such as when Mr. Ellis
accompanies Mr. Levin to pre-hearing conferences, administrative
hearings, court appearances, and meetings. Defendant notes that,
in Alicia F., et al. v. Department of Education, CV 06-00286 HG-
BMK,[3] Mr. Levin represented the plaintiffs and, in their request
for attorneys' fees, he argued that he relied on Mr. Ellis'
services as an essential accommodation because of his Parkinson's
disease. The magistrate judge recommended that the district
judge award the plaintiffs both Mr. Levin's and Mr. Ellis' fees
for time they spent at hearings and the defendant did not object
to this recommendation. The district judge, however, noted that
the general rule is that two professionals cannot bill for

---

[3] Defendant attached the Alicia F. Order Adopting in Part
and Rejecting in Part Report of Special Master Finding and
Recommending that Plaintiffs' Motion to Approve the Settlement
and Award Attorneys' Fees and Costs Be Granted in Part and Denied
in Part, filed February 21, 2007 ("Alicia F. Order"), as Exhibit
A to its memorandum in opposition to the Motion. Plaintiffs
attached the magistrate judge's Alicia F. Report of Special
Master, filed December 29, 2006 ("Alicia F. F&R"), as Exhibit F
to their reply.

attending the same meeting.  The district judge also stated that, in future cases, if Mr. Levin and Mr. Ellis sought to recover fees for meetings that they both attended, they would have to submit more extensive briefing on the issue whether the plaintiffs or the defendants should bear the cost of the accommodation.  The district judge adopted the magistrate judge's recommendation to disallow Mr. Ellis' fees for meetings with clients and other attorneys that he attended with Mr. Levin.

In the present case, Defendant acknowledges that Plaintiffs are entitled to recover Mr. Ellis' fees for the work he performs when Mr. Levin delegates task to Mr. Ellis. Defendant, however, argues that, where Mr. Ellis duplicates the work performed by Mr. Levin, counsel are effectively charging $360 per hour for Mr. Levin's services.  Defendant contends that this is not consistent with the prevailing rates in the community.  Defendant argues that 40.8 hours of Mr. Ellis' time should be disallowed as duplicative of Mr. Levin's time.

In addition, Defendant argues that Plaintiffs cannot recover fees for work associated with IEP meetings and resolution meetings because those events are expressly excluded under the IDEA.  Defendant urges the Court to reduce Mr. Ellis' time by 2.3 hours.  Defendant also argues that Plaintiffs cannot recover fees for work associated with their attempt to obtain sanctions under Federal Rule of Civil Procedure 11 because the district judge

denied Plaintiffs' request.  Defendant argues that Mr. Levin's
time and Mr. Ellis' time should be reduced by 0.6 hours each.

Finally, Defendant argues that the descriptions of
Mr. Levin's entries for the preparation of the administrative
closing brief and for the instant Motion are not sufficiently
detailed.  Defendant contends that the Court cannot determine
whether the time was excessive or duplicative.  Defendant asks
the Court to deduct a total of 9.0 hours from Mr. Levin's time
for these entries.  Defendant argues that the total amount of
attorneys' fees that Plaintiffs are entitled to is $25,901.60.

In their reply, Plaintiffs argue that the
accommodations issue is a "red herring" because Mr. Ellis attends
hearings in his capacity as "a litigation paralegal and second
chair to Mr. Levin."  [Reply at 5.]  Plaintiffs argue that these
hours are consistent with the type of work that any second chair
would perform.  According to Plaintiffs, the only hours that the
magistrate judge excluded from Mr. Ellis' time in Alicia F. was
time when both he and Mr. Levin met with their clients or other
attorneys.  Plaintiffs therefore argue that Mr. Levin and
Mr. Ellis can both bill for time they spent meeting with each
other.

Although Plaintiffs acknowledge that the IDEA prohibits
the recovery of attorneys' fees and costs associated with
resolution sessions, they argue that the statute only prohibits

recovery for time spent attending the resolution session.  Other time, such as preparation for, or travel to, the resolution session, is compensable.  Plaintiffs argue that, at most, the Court should deduct 0.4 hours of Mr. Ellis' time spent attending the resolution session.

With regard to Rule 11 sanctions, Plaintiffs emphasize that the district judge did not deny them anything.  He merely stated that he did not think a Rule 11 motion was appropriate. Plaintiffs did not file a Rule 11 motion, but had informed Defendant that they believed Defendant's motion was frivolous. They argue that counsel's actions with regard to this issue were part of the many decisions that counsel made in the course of his representation and, even if Plaintiffs ultimately did not obtain Rule 11 sanctions, the time counsel spent on the issue is compensable.

Plaintiffs also argue that counsel's descriptions for the administrative closing brief and the instant Motion are sufficient and that the time spent on these tasks was reasonable.

Finally, Plaintiffs request an additional $3,525.65 in attorneys' fees, including general excise tax, for work performed by Mr. Levin and Mr. Ellis since the filing of the Motion.

<u>**DISCUSSION**</u>

I.   <u>**Prevailing Party**</u>

The hearings officer expressly found that Plaintiffs

8

were the prevailing party in the administrative proceeding.
Plaintiffs filed the instant action to obtain an award of
attorneys' fees incurred in the administrative proceeding.  For
the purpose of an attorneys' fee award, the "prevailing party" is
the "party which 'succeed[s] on any significant issue in
litigation which achieves some of the benefit the parties sought
in bringing the suit.'"  Parents of Student W. v. Puyallup Sch.
Dist. No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting Hensley
v. Eckerhart, 461 U.S. 424, 433 (1983)) (alteration in original).
"The success must materially alter the parties' legal
relationship, cannot be de minimis and must be causally linked to
the litigation brought."  Van Duyn v. Baker Sch. Dist. 5J, 502
F.3d 811, 825 (9th Cir. 2007) (citations omitted).

     The Decision materially altered the parties'
relationship.  Plaintiffs succeed on a significant issue and
obtained reimbursement for the costs of Student's placement at
Assets for the 2006-2007 school year.  This Court therefore FINDS
that Plaintiffs were the prevailing party in the administrative
proceeding.

     In the instant case, Defendant filed a Motion for
Judgment on the Pleadings, contending that Plaintiffs' complaint
was barred by the statute of limitations.  The district judge
denied that motion and Defendant now does not contest Plaintiffs'
entitlement to reasonable attorneys' fees and costs incurred in

the administrative proceeding and in the instant action.  [Mem.
in Opp. at 2.]  This Court therefore FINDS that Plaintiffs are
the prevailing party in the instant court proceedings and are
therefore entitled to reasonable attorneys' fees and costs
pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).[4]

## II.  <u>Calculation of Attorneys' Fees Award</u>

        In calculating an award of reasonable attorneys' fees
in IDEA cases, courts use the lodestar calculation set forth in
<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u>, <u>e.g.</u>,
<u>Aguirre v. Los Angeles Unified Sch. Dist.</u>, 461 F.3d 1114, 1121
(9th Cir. 2006) (holding that "attorney's fees awarded under 20
U.S.C. § 1415 are governed by the standards set forth by the
Supreme Court in <u>Hensley</u> and its progeny").  A court must
determine a reasonable fee by multiplying "the number of hours
reasonably expended on the litigation" by "a reasonable hourly
rate." <u>Hensley</u>, 461 U.S. at 433.

        The following factors are subsumed within the lodestar
determination: "(1) the novelty and complexity of the issues, (2)
the special skill and experience of counsel, (3) the quality of
representation, . . . (4) the results obtained, and (5) the

_____

[4] The IDEA provides:
        In any action or proceeding brought under this
        section, the court, in its discretion, may award
        reasonable attorneys' fees as part of the costs--
                (I) to a prevailing party who is the parent
                of a child with a disability[.]
20 U.S.C. § 1415(i)(3)(B)(i).

contingent nature of the fee agreement". Morales v. City of San
Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that
"[a]djusting the lodestar on the basis of subsumed reasonableness
factors after the lodestar has been calculated . . . is a
disfavored calculation") (citations and quotation marks omitted).
The Ninth Circuit, however, extending City of Burlington v.
Daque, 505 U.S. 557, 567 (1992), has held that whether the fee is
fixed or contingent may not be considered in the lodestar
calculation.  See Davis v. City & County of San Francisco, 976
F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other
grounds, 984 F.2d 345 (9th Cir. 1993).

    Once calculated, the lodestar amount is presumptively
reasonable.  See Pennsylvania v. Delaware Valley Citizens'
Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer
v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)
(stating that the lodestar figure should only be adjusted in rare
and exceptional cases).  The court must then decide whether to
adjust the lodestar amount based on an evaluation of the factors
articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70
(9th Cir. 1975), which have not been subsumed in the lodestar
calculation.  See Fischer, 214 F.3d at 1119.  The factors the
Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment

by the attorney due to acceptance of the case, (5)
the customary fee, (6) whether the fee is fixed or
contingent, (7) time limitations imposed by the
client or the circumstances, (8) the amount
involved and the results obtained, (9) the
experience, reputation, and ability of the
attorneys, (10) the "undesirability" of the case,
(11) the nature and length of the professional
relationship with the client, and (12) awards in
similar cases.

Kerr, 526 F.2d at 70.

Plaintiffs request the following lodestar amount for
work counsel performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stan E. Levin | 85.7 | $285 | $24,424.50 |
| Susan Dorsey | 18.5 | $185 | $ 3,442.50 |
| Bruce Ellis | 81.2 | $ 85 | $ 6,902.00 |
| | | Subtotal | $34,769.00 |
| | State Excise Tax of 4.712% | | $ 1,637.37[5] |
| | | TOTAL | $36,406.37 |

[Exhs. B & D to Levin Decl.; Reply, Decl. of Stan E. Levin, Exh.
G.]  Mr. Levin and Ms. Dorsey were admitted to the Hawaii State
Bar in 1972 and 2000, respectively.  Mr. Levin has litigated
numerous IDEA cases in this district court.

---

[5] The Court determined the general excise tax for
Plaintiffs' fee request by adding the tax claimed on each of the
three invoices that Plaintiffs submitted.  Due to rounding, this
amount is different from the amount that would result if the
Court multiplied the tax rate by Plaintiffs' total request.

A.    **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable,
the Court considers the experience, skill, and reputation of the
attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829,
840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should
reflect the prevailing market rates in the community.  See id.;
see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.
1992), as amended on denial of reh'g, (1993) (noting that the
rate awarded should reflect "the rates of attorneys practicing in
the forum district").

In addition to their own statements, attorneys are
required to submit additional evidence that the rates charged are
reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263
(9th Cir. 1987).  Although Plaintiffs' counsel did not do this,
this Court is well aware of the prevailing rates in the community
for similar services performed by attorneys of comparable
experience, skill and reputation.  Further, the Court notes that
Mr. Levin and Mr. Ellis have been awarded these rates in prior
cases within this district, such as Alicia F.  Based on this
Court's knowledge of the prevailing rates and the prior awards in
this district, this Court finds that the requested hourly rates
for Mr. Levin, Ms. Dorsey, and Mr. Ellis are manifestly
reasonable.

13

**B.**   <u>**Hours Reasonably Expended**</u>

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See</u> <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

**1.**   <u>**Tasks Excluded under the IDEA**</u>

The IDEA prohibits the recovery of attorneys' fees and costs associated with the following services:

> (ii) IEP Team meetings
>
> Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section.

14

> (iii) Opportunity to resolve complaints
>
> A meeting conducted pursuant to subsection (f)(1)(B)(i) of this section shall not be considered--
>
> > (I) a meeting convened as a result of an administrative hearing or judicial action; or
> > (II) an administrative hearing or judicial action for purposes of this paragraph.

20 U.S.C. § 1415(i)(3)(D).  Defendant therefore argues that Plaintiffs cannot recover attorneys' fees incurred in connection with IEP meetings and resolution meetings.  Plaintiffs respond that the statute only prohibits recovery for time spent actually attending an IEP meeting or a resolution session.  This Court disagrees.

Section 1415(i)(3)(D)(ii) "prohibits recovery of fees <u>associated with</u> IEP meetings unless the meeting is convened by order of a court or administrative agency."  <u>Linda T. ex rel. William A. v. Rice Lake Area Sch. Dist.</u>, 417 F.3d 704, 709 (7th Cir. 2005) (emphasis added).  The exclusion does not apply only to the IEP meetings, it applies to "any work done in relation to them."  <u>See</u> <u>Hiram C. v. Manteca Unified Sch. Dist.</u>, No. S-03-2568 WBS KJM, 2004 WL 4999156, at *2 (E.D. Cal. Nov. 5, 2004) (excluding time spent preparing for, traveling to and from, and attending IEP meetings because they were not convened as a result of an administrative proceeding or judicial action).  Pursuant to § 1415(i)(3)(D)(iii), a resolution session is not a meeting convened as a result of an administrative proceeding or judicial

15

action.  A resolution session therefore does not fall within the exception which allows for the recovery of attorney's fees incurred in connection with IEP meetings.

Thus, all of counsel's time associated with the resolution session is not compensable.  The Court will therefore deduct 2.3 hours from Mr. Ellis' time.[6]

### 2.   **Rule 11 Sanctions**

Defendant argues that Plaintiffs should not be able to recover attorneys' fees for the time Plaintiffs' counsel spent pursuing Rule 11 sanctions because the district judge denied Plaintiffs' request for sanctions.  Plaintiffs argue that, although the district judge found that a Rule 11 motion was not appropriate in this case, counsel's decision to pursue Rule 11 sanctions was one of many decisions counsel made in the course of representing Plaintiffs.  According to Plaintiffs, the mere fact that these efforts were unsuccessful does not render the fees unrecoverable.

A party does not need to prevail on every motion in the course of a case in order to obtain attorneys' fees.  The work, however, must be associated with the relief requested and be

---

[6] The Court notes that Mr. Ellis billed various items from August 1, 2006 to August 17, 2006 regarding the IEP.  The billing entries indicate that this work was related to the content of the IEP, rather than the IEP team meeting itself.  To the extent that the content of the IEP was the subject of the administrative proceeding, the Court finds that this time is compensable.

reasonably necessary to achieve the results obtained.  <u>See</u>
<u>Tirona</u>, 821 F. Supp. at 636.  Plaintiffs never filed a motion for
Rule 11 sanctions.  This Court will therefore deduct 0.3 hours
from Mr. Ellis' time for work on a Rule 11 motion.

On December 14, 2007, Defendant filed a Motion for
Judgment on the Pleadings.  In their memorandum in opposition,
Plaintiffs argued that the motion "should be soundly rejected and
Rule 11 inquiries made."  Plaintiffs' counsel also sent
Defendant's counsel a letter stating that Plaintiffs' counsel
believed the motion was frivolous.  [Reply at 8; Exh. D to Levin
Decl. at 2.]  This Court therefore finds that the remaining time
that Mr. Levin and Mr. Ellis spent on the Rule 11 issue was
reasonably necessary to achieve the result obtained in this case
and is therefore compensable.

### 3.  <u>Travel</u>

Mr. Levin and Mr. Ellis each billed 3.2 hours for
travel to and from various appearances during the administrative
proceeding and in the instant case.

This Court typically allows counsel to claim reasonable
travel time for case-related travel to and from the other islands
or the mainland.  <u>See</u> <u>Goray v. Unifund CCR Partners, et al.</u>, CV
06-00214 HG-LEK, Report of Special Master on Plaintiff's Motion
for Attorney's Fees and Costs at 13 (June 13, 2008) (travel to
Cincinnati for depositions); <u>Apana v. TIG Ins. Co.</u>, CV 06-00653

JMS-LEK, Report of Special Master on Plaintiff Bill H. Apana's Motion for Attorney's Fees at 10-11 (July 7, 2008) (travel from Kauai to Oahu, and back, for a hearing on motion for summary judgment and a settlement conference).[7]  This Court, however, does not award attorney travel time from their offices to the courthouse, unless they performed legal services while in transit.  <u>See</u>, <u>e.g.</u>, <u>Kajitani v. Downey Savings & Loan Ass'n</u>, CV 07-00398 SOM-LEK, Order Awarding Attorney's Fees and Costs at 6-7 (April 1, 2008).  Such time should be subsumed within the attorney's fee charged for the appearance.

The instant case did not involve travel to the mainland or the other islands.  This Court will therefore deduct 3.2 hours from Mr. Levin's and Mr. Ellis' time for travel.

**4.   Other Deductions**

**a.   Insufficient Descriptions**

Defendant also argues that the following entries are insufficiently detailed:

04/05/07
    SEL   Drafting and researching the closing
          brief. 4.0
04/09/07
    SEL   Further work including research and
          writing of the closing brief. 3.0

[Mem. in Opp. at 13.]

---

[7] The district judge in <u>Goray</u> adopted this Court's Report of Special Master on July 11, 2008, and the district judge in <u>Apana</u> adopted this Court's Report of Special Master on August 21, 2008.

18

The Local Rules state:

> The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated.  In describing such services, counsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question.  <u>If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.</u>  For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; <u>entries for legal research must include an identification of the specific issue researched</u> and, if possible, should identify the pleading or document for which the research was necessary . . . .

Local Rule LR54.3(d)2. (emphases added).  Plaintiffs' counsel failed to identify the specific issues he researched while preparing the closing brief.  This Court, however, has the discretion to reduce the requested award for insufficient descriptions and the ultimate question is whether there is sufficient information to allow the Court to assess the reasonableness of the requested fee.  Thus, while Plaintiffs' counsel should have included more information in these time entries, this Court finds that, having reviewed counsel's time records in their entirety, there is sufficient information to allow the Court to determine the reasonableness of the requested fees.  The Court therefore declines to reduce Mr. Levin's requested hours based on the inadequate descriptions in the

19

entries cited above.

### b.   **Excessive Billing**

Defendant also argues that the Court should disallow Mr. Levin's 2.0 hour entry on March 11, 2008 for "Review and revise and redraft motion for prevailing party" because he previously billed 1.8 hours for the preparation of a motion for prevailing party status in November 2007.  [Mem. in Opp. at 14.] Plaintiffs initially filed a Motion Determining Plaintiff as Prevailing Party on November 27, 2007, but, in a December 12, 2007 entering order, this Court vacated that motion in light of Defendant's Motion for Judgment on the Pleadings.  In a February 4, 2008 scheduling conference, this Court instructed Plaintiffs to file their request for determination of prevailing party status and request for attorneys' fees as a single motion.  In light of this procedural history, 2.0 hours is reasonable to convert the original motion for prevailing party status into the instant Motion.  The Court finds that this entry is compensable.

### c.   **Clerical or Ministerial Tasks**

The Court also notes that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  This Court finds that Mr. Ellis' entry on April 4, 2007 for updating the file regarding the due dates for the administrative closing

brief is clerical in nature.  The Court will therefore deduct 0.2 hours from Mr. Ellis' time.

### 5.  __Duplicate Billings__

Defendant argues that Plaintiffs' request contains improper duplicate billings because counsel charged for both Mr. Levin's and Mr. Ellis' appearance at various meetings and proceedings.  Plaintiffs argue that Mr. Ellis' time is compensable because he performs necessary paralegal services as Mr. Levin's second-chair.  This Court agrees and finds that Mr. Ellis' time for appearances with Mr. Levin at administrative and court proceedings is compensable.

Plaintiffs also argue that, pursuant to _Alicia F._, the only tasks that should be excluded from Mr. Ellis' time are meetings that he and Mr. Levin both attend with a client or another attorney.  This Court disagrees.  Neither the _Alicia F._ Order nor the _Alicia F._ F&R expressly addressed whether Mr. Ellis and Mr. Levin may both bill for time that they spend meeting with each other.  The district judge noted that "the general rule is that two professionals cannot bill for the same meeting." [_Alicia F._ Order at 9.]  This Court has applied the general rule in other IDEA cases and has deducted duplicative time when the plaintiffs' counsel met with each other or with their support staff.  See, _e.g._, _Loveland Academy, LLC, et al. v. Hamamoto, et al._; CV 02-00693 HG-LEK; Report of Special Master on Plaintiffs'

Motion for Award of Attorneys' Fees and Costs at 26 (Aug. 13, 2008) (citing In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)).[8]  In Mullins, the court also deducted time "billed by Edmundson for attending two joint defense meetings that Wilson also attended[.]"  84 F.3d at 467 (citing In re North (Bush Fee Application), 59 F.3d 184, 190 (D.C. Cir. 1995)).  In the present case, as in Bush, "though it may be reasonable for a solvent client charged with a serious offense to pay the additional costs of having a highly staffed case, this does not mean that [Plaintiffs have] established the reasonableness of billing that sort of duplication . . . to the public fisc."  59 F.3d at 190 (citations omitted).

        This Court finds that Plaintiffs cannot be compensated for Mr. Ellis' time spent meeting with either Mr. Levin or Ms. Dorsey, if one of the attorneys also billed for the meeting. This Court will therefore deduct 4.4 hours from Mr. Ellis' time entries that remain after the deductions discussed supra.

    C.   **Total Lodestar Award**

        Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of

---

        [8] The defendants' objections to this Court's Report of Special Master in Loveland are currently before the district judge.

attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Stan E. Levin | 82.5 | $285 | $23,512.50 |
| Susan Dorsey | 18.5 | $185 | $ 3,442.50 |
| Bruce Ellis | 70.8 | $ 85 | $ 6,018.00 |
| | | Subtotal | $32,973.00 |
| | State Excise Tax of 4.712% | | $ 1,553.69 |
| | | TOTAL | $34,526.69 |

The Court declines to adjust the award based on the remaining
Kerr factors.

**III. Costs**

        As the prevailing party, Plaintiffs are entitled to
reasonable costs incurred in the administrative proceeding and in
the instant case.  See 20 U.S.C. § 1415(i)(3)(B)(i)(I).
According to the billing statement for the administrative
proceeding,[9] counsel incurred the following expenses:

```
                    PHOTOCOPIES                   33.10
                    POSTAGE                        4.64
                    MESSENGER                     25.50
                                                 -----
                    TOTAL EXPENSES                63.24
                    GENERAL EXCISE TAX ON EXPENSES 1.78

        09/21/06    MILEAGE - BRUCE ELLIS CK# 26475  8.86
                                                 ----
                    TOTAL ADVANCES                 8.86
```

[Exh. B to Levin Decl. at 9.]  The Motion does not include any

_____

        [9] Plaintiffs' counsel apparently did not incur any expenses
in the instant court proceedings.

other information about the requested costs.  Based on the
limited information before the Court, the Court cannot determine
whether the requested costs were reasonably and necessarily
incurred in this case.  The Court, however, will allow Plaintiffs
to submit further declarations and/or supporting documentation
justifying counsel's expenses.

### CONCLUSION

In accordance with the foregoing, this Court, acting as
Special Master, FINDS and RECOMMENDS that Plaintiffs' Motion
Determining Plaintiffs as Prevailing Party and for an Award of
Attorneys' Fees and Costs, filed March 19, 2008, be GRANTED IN
PART AND DENIED IN PART.  The Court FINDS that Plaintiffs are the
prevailing party in the administrative proceeding and in the
instant case.  The Court RECOMMENDS that the district judge award
Plaintiffs $34,526.69 in attorneys' fees incurred in the
administrative proceeding and in the instant case.

In addition, the Court GRANTS Plaintiffs leave to file
supplemental documentation in support of their request for costs
by **September 11, 2008**.  Defendant may file a response to
Plaintiffs' supplemental documentation by **September 18, 2008**.
The Court will issue an amendment to this Report thereafter.

IT IS SO FOUND AND RECOMMENDED.

24

DATED AT HONOLULU, HAWAII, September 4, 2008.



＿/S/ Leslie E. Kobayashi＿＿＿＿＿＿＿
Leslie E. Kobayashi
United States Magistrate Judge

**BRANDON E., ET AL. V. DEPARTMENT OF EDUCATION, ET AL; CIVIL NO 07-00536 ACK-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**